MILLS, Judge.
After denial of his motion to suppress evidence, Allen pled nolo contendere to a charge of possession of heroin; he was- adjudicated guilty and sentenced to timé in the state prison. The question before us is whether the trial court erred in denying the motion to suppress.
While patrolling a high drug traffic area, police officers Rein and Smith saw a registered heroin addict, previously known to them, hand Allen an undetermined amount of money. The addict and Allen were standing next to and were facing a building wall. Later, the officers saw Allen remove a paper bag from his pants pocket and start to hand it to the addict. At this stage, the officers believed a drug transaction was taking place. As the officers approached the addict and Allen, Allen returned the bag to his pocket and the addict and Allen rapidly walked away. Officer Rein stopped Allen and placed him’ under arrest for possession or sale of narcotics. During a pat down, a struggle took place between Officer Rein and Allen; Allen removed the bag from his pocket and threw it to the ground. He then picked up the bag and again placed it in his pocket. After subduing Allen, Officer Rein searched him and found the bag which contained heroin.
Allen contends the search was invalid because there was lack of probable cause to arrest him.
Probable cause to make an arrest is determined from a totality of the facts and circumstances existing at the time of the arrest as viewed by a prudent and cautious police officer. State v. Profera, 239 So.2d 867 (Fla.App. 4th, 1970).
We are of the opinion that the totality of the evidence heard by the trial court was sufficient to constitute probable cause for arrest of Allen. The arrest being valid; the subsequent search was valid, and the trial court properly denied Allen’s motion to suppress the evidence.
Affirmed.
BOYER, C. J., and McCORD, J., concur.